**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN D. RAMOS,

    Plaintiff,

  v.                                                                                                        No. CIV 11-1086 JH/KBM

C.O. TENNA,
C.O. JOJOLA,
N.P. JULIEANN STENGEL,[1]

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. The complaint consists of a pre-printed two-page form and five handwritten pages. Plaintiff is a state prisoner appearing pro se and proceeding in forma pauperis. The complaint, which does not specifically name any defendants, primarily asserts negligence claims and characterizes certain conduct as exhibiting "deliberate indifference and evil intent." The Court therefore construes the complaint as a civil rights complaint under 42 U.S.C. § 1983. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

---

[1] The names in this caption are those listed on the Court's docket; the complaint does not name any Defendants.

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts claims cognizable under the Eighth Amendment for injuries caused by Defendants' failure to protect his well-being and for denial of medical treatment. The first injury occurred as Plaintiff and other inmates were departing a transport van in 2010. Plaintiff lost his footing on an allegedly unsafe temporary step, fell, and suffered injuries including a five-day blackout. Plaintiff also alleges that in 2011, as he was being escorted to his cell, another inmate spit on him through an open food-port in a cell door. The spit landed on an open wound on Plaintiff's arm.

For his medical claims, Plaintiff first (chronologically) alleges that in 2009 Defendant Stengel began and then ceased administering certain heart medication to him. He contends that Stengel's action was not based on medical concerns. He also received inadequate treatment in the medical unit on the day of his 2010 accident. Subsequently, when an inmate spit on him, he was concerned about HIV/AIDS transmission and did not receive treatment. Last, he asserts that he was given incorrect medication for a rash. For relief, the complaint seeks damages.

Plaintiff's injury claims are based on Defendants' alleged failure to protect his well-being.

> A prison official's failure to prevent harm "violates the Eighth Amendment only when two requirements are met." First, the prison official's act or omission must be "objectively, sufficiently serious" and "result in the denial of the minimal civilized measure of life's necessities. . . . [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Second, the "prison official must have a sufficiently culpable state of mind," in this case "deliberate indifference to inmate health or safety." Deliberate indifference requires

actual knowledge of the risk to inmate safety.

*Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).  Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citations omitted).

Under these standards, no relief is available on Plaintiff's injury claims.  Plaintiff first asserts that Defendants' use of an allegedly unsafe step for unloading inmates from a transport van caused him to fall.  Defendant Tenna initially "had his left elbow" as he stepped down but "immediately let [him] go" instead of attempting to prevent the fall.  The fall itself does not give rise to an Eighth Amendment claim.  "Simply put, '[a] "slip and fall," without more, does not amount to cruel and unusual punishment. . . .  Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.' " *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983)).  And Defendant Tenna's alleged failure to prevent the fall as it was occurring does not indicate a "sufficiently culpable state of mind [amounting to] deliberate indifference to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. at 834.  Likewise, the same standards bar Plaintiff's claim that officers failed to prevent the spitting incident, allowing Plaintiff to be exposed to another inmate's potentially dangerous body-fluid.  He makes no allegation that the officers were actually aware that the food-port was open, or that this was an ongoing safety problem.  The Court will dismiss Plaintiff's claims that Defendants failed to protect him from harm.

As to Plaintiff's allegations regarding his medical treatment, one of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care.  *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980).  In a § 1983 action, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual

punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference to serious medical needs may be "manifested by . . . denying or delaying access to medical care." *Estelle*, 429 U.S. at 104. To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to his serious medical needs, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. at 847; *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted).

Plaintiff's allegations that his medications were changed in 2009 do not support an Eighth Amendment claim. He alleges that he "had what [he] thought was a heart attack." Defendant Stengel placed him on heart medicine after an EKG and then stopped the medication after further review of his medical records. Plaintiff offers a "personal feeling" that Nurse Stengel's medical decisions were contrary to his view of proper treatment, but he provides no factual basis. Secondly, after the fall from the van-step, he alleges that he suffered a black-out and varied aches and pains. He received prompt medical attention, and he makes no factual allegation of inadequate treatment. He was subsequently transferred to the Las Vegas, New Mexico, Behavioral Health Institute "because of [his] memory issues." There, staff called him a liar because the transferring officials said he had not been injured. These allegations simply do not support a claim that "Defendants acted with a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. at 847.

Plaintiff also alleges that he received no treatment to prevent possible transmission of HIV in the spitting incident. On the other hand, he makes no allegation that he was actually injured or infected by the incident. Because Plaintiff makes no allegation "that he suffered substantial harm from the lack of [medical treatment]," *Bradshaw v. Nafziger*, No. 11-1109, 2012 WL 2045762, at *5 (10th Cir. June 7, 2012) (citing *Mata v. Saiz*, 427 F.3d 745, 751-55 (10th Cir. 2005), this alleged

denial of treatment does not give rise to an Eighth Amendment claim, *see Bradshaw*, 2012 WL 2045762, at *8. Finally, Plaintiff alleges that he was given an incorrect medication for a rash. Here again, he alleges no substantial harm resulting from this error or the 3-day delay in receiving the correct medication. *See Riper v. Wexford Health Sources Inc.*, 67 F. App'x 501, 503 (10th Cir. 2003) Under the standards described by the United States Supreme Court and the United States Court of Appeals for the Tenth Circuit, the facts alleged by Plaintiff concerning his medical treatment do not implicate the Eighth Amendment's proscription against cruel or unusual punishment. Accordingly, the Court will dismiss these claims.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

UNITED STATES DISTRICT JUDGE